AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

**FILED**

DEC 0 5 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
**v.**

JOHN PATRICK VESCUSO (2)

Amended
## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:  14CR2863-W

Todd W. Burns
_____
Defendant's Attorney

**REGISTRATION NO.** 48545298

[X]  Correction of defendant's name on page 5 of judgment.

THE DEFENDANT:

[ ]  pleaded guilty to count(s) _____

[X]  was found guilty on count(s) One of the Indictment _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT THEFT OF GOVERNMENT PROPERTY | 1 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) _____

[X]  Count(s) remaining _____ is [X]  are [ ]  dismissed on the motion of the United States.

[X]  Assessment: $100.00

[X]  Fine waived          [X]  Forfeiture pursuant to order filed _____11/21/16_____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

NOVEMBER 18, 2016
_____
Date of Imposition of Sentence

_____
HON.  THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

14CR2863-W

AO 245B (CASD) (Rev. 4/14)    Judgment in a Criminal Case
        Sheet 2 — Imprisonment

DEFENDANT: JOHN PATRICK VESCUSO (2)

CASE NUMBER: **14CR2863-W**

Judgment — Page    2    of    5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THIRTY-THREE (33) MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his custodial sentence in a western region facility

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.    ☐ p.m.    on _____ .

    as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before or on January 20, 2017, Noon or to the United States Marshal's Office _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**14CR2863-W**

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    5

DEFENDANT: JOHN PATRICK VESCUSO (2)
CASE NUMBER: **14CR2863-W**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE  (3)  YEARS

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than   8   drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14CR2863-W

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOHN PATRICK VESCUSO (2) | Judgment - Page 4 of 5 |
| CASE NUMBER: | 14CR2863-W | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Not engage in the employment or profession of involving any fiduciary responsibilities.

3. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

4. Provide complete disclosure of personal and business financial records to the probation officer as requested.

5. Notify the Collections Unit, U.S. Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership, or corporation, until fine and restitution is paid in full.

6. Notify the Collections Unit, U.S. Attorney's Office, before transferring any interest in any property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations, until fine and restitution is paid in full.

   //

AO 245S    Judgment in Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __5__

DEFENDANT: JOHN PATRICK VESCUSO (2)
CASE NUMBER: **14CR2863-W**

# RESTITUTION

The defendant shall pay restitution in the amount of _____$555,640.00_____ unto the United States of America.

This sum shall be paid ____ immediately.
                      **×** as follows:

That the defendant shall pay restitution forthwith in the amount of $555,640.00, to be joint and several with co-defendant Cecil Garr, to the Clerk of the United States District Court for distribution in the amounts indicated to the following identified entities or persons:

United States Marine Corps
c/o DF AS Cleveland
Attn: J3DCBB/6102
1240 E. 9th St.
Cleveland, OH 44199

During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter. Upon release from custody, Defendant shall pay restitution at the rate of at least $250.00 per month for the first six months, and at least $500.00 per month thereafter. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment immediately. Until restitution has been paid, Defendant shall comply with financial reporting requirements with the U.S. Attorney's Office, and notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's mailing or residence address, no later than thirty (30) days after any change occurs.

The Court has determined that the defendant __does__ have the ability to pay interest.  It is ordered that:

____ The interest requirement is waived.

____ The interest is modified as follows:

**14CR2863-W**